**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN CARLOS CHAVELAS DIEGO,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**WARDEN, EL PASO PROCESSING CENTER; RUSSELL HOTT, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, CHICAGO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; AND EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-00446-LS** |

**ORDER DISMISSING CASE**

The Government notified the Court that Petitioner was released from custody on or about April 23, 2026 pursuant to a court order.[1] Petitioner filed a petition for a writ of habeas corpus challenging his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondents, the petition is moot.[3] The Court therefore denies Petitioner's writ

[1] ECF No. 5.
[2] ECF No. 1.
[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).

of habeas corpus, dismisses this case as moot, and all pending motions are denied as moot. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 20, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**